DAVID KOTOK

*v.*

WILLIAM HAMILTON et ux. et al.

[Decided May 16th, 1927.]

On appeal from a decree of the court of chancery.

*Mr. William Charlton,* for the appellant.

*Mr. Morris V. McDonald,* for the respondent.

PER CURIAM.

The bill in this case was filed by Kotok, the present respondent, to obtain a decree directing the specific performance of an agreement for the sale of a tract of land located in the borough of Wildwood Crest, in this state. The undisputed proofs showed that the appellant Hamilton, the owner of the land in question, executed and delivered to the respondent a written contract for the sale of said tract for the purchase price of $6,000. It was conceded that Mrs. Hamilton, the wife of the intending vendor, did not join in the execution of the contract. It was also shown by the proofs that the respondent paid $600 on account of the purchase-money at the time of the delivery of the agreement to him. The appellant Hamilton subsequently refused to perform his agreement, upon the ground that his wife declined to join in the execution of the deed. Later he and his wife conveyed the property to one William Bell, who was joined as a party defendant herein, together with the appellant and his wife. It was admitted that this conveyance was made without consideration. At the close of the hearing Vice-Chancellor Ingersoll, to whom the cause had been referred for consideration and determination, advised a decree requiring the defendant Bell

to execute and deliver to the present respondent a deed for the property which is the subject-matter of the suit.

Hamilton is the only party appealing from the decree under review; and the sole ground upon which we are asked to reverse it is that the vice-chancellor was in error in requiring a conveyance of the land to be made to the respondent by Bell, for the reason that, by such a conveyance, although Mrs. Hamilton had not been a party to the agreement, her dower right in the land described therein would be extinguished. But Mrs. Hamilton, as has been stated, was a party defendant and she has not appealed from the decree under review, apparently being content that it should be performed. So far as the appellant himself is concerned, he has no interest whatever in the matter of the extinguishment of his wife's inchoate right of dower, and, consequently, is not aggrieved, in the legal sense of the word, by this phase of the decree. As to Bell, he does not appeal, being satisfied, apparently, to obey the mandate of the chancellor.

The decree under review will be affirmed.

*For reversal*—None.